**SO ORDERED.**

**SIGNED this 29 day of May, 2009.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 12 |
| | ) | CASE NO. 08-12038-JDW |
| BREEZY RIDGE FARMS, INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| SOUTHWEST GEORGIA FARM | ) | ADVERSARY PROCEEDING |
| CREDIT, ACA, | ) | NO. 09-1011 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| BREEZY RIDGE FARMS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Plaintiff:      David A. Kendrick
                    Post Office Box 425
                    Bainbridge, Georgia 39818

For Defendant:      Jesse C. Stone
                    Post Office Box 129
                    Swainsboro, Georgia 30401

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's motion to dismiss the complaint to determine dischargeability of a debt. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Factual Allegations

Debtor-Defendant Breezy Ridge Farms, Inc., is a Georgia corporation that filed a Chapter 12 petition on November 25, 2008. Plaintiff Southwest Georgia Farm Credit filed a complaint alleging nondischargeability of certain debts pursuant to sections 523(a)(2), (4), (6) and 1228(b) of the Bankruptcy Code. Debtor filed a motion to dismiss for failure to state a claim, arguing that the debts of a corporate Chapter 12 debtor cannot be excepted from discharge. The Court held a hearing on the motion on May 6, 2009. For the following reasons, the Court will deny the motion.

### Conclusions of Law

Debtor's motion to dismiss for failure to state a claim is governed by Federal Rules of Civil Procedure 8(a) and 12(b)(6), made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b). To state a claim, the complaint must include "a short and plain statement of the claim showing that <u>the pleader is entitled to relief</u>[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). Debtor argues Plaintiff is not entitled to relief under 11 U.S.C. § 523(a) when–as in this case–the debtor is a corporation in Chapter 12.

Debtor relies on the language of § 523(a), which provides: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an <u>individual</u> debtor" from specific debts, including certain debts incurred by fraud or as a result of willful and malicious injury. Thus, by its plain language, Debtor argues section 523(a) does not apply to corporate debtors. See <u>Spring Valley Farms, Inc. v. Crow</u> (<u>In re Spring Valley Farms, Inc.</u>), 863 F.3d 832, 834 (11th Cir. 1989) (finding § 523 inapplicable to a corporate Chapter 11 debtor).

However, § 523 does not define the breadth of a discharge. Instead, it limits the initial discharge parameters set forth in §§ 727, 1141, 1228, and 1328. This can be illustrated by looking at the varying definitions of discharge provided in the different chapters. In the case of Chapter 7, for example, the Code offers the simplest definition. Discharges are unavailable to corporations. 11 U.S.C. § 727(a)(1). And, under § 727(b), a discharge for an individual debtor covers all prepetition debts, "except as provided in section 523[.]" <u>Id.</u> § 727(b).

The discharge gets more complex in Chapter 13, which is only available to individuals. <u>Id.</u> § 109(e). It limits the applicability of § 523(a) to individuals, creating what is known as the superdischarge. <u>Id.</u> § 1328(a)(2). There is no dispute that in Chapter 13 Congress can and has partially cut off the relief it made available to creditors under § 523(a). See <u>Pennsylvania Dept. of Public Welfare v. Davenport</u>, 495 U.S. 552, 562-63, 110 S. Ct. 2126, 2133 (1990) ("Congress secured a broader discharge for debtors under Chapter 13 than Chapter 7 by extending to Chapter 13 proceedings some, but not all, of § 523(a)'s exceptions to discharge.").[1]

---

[1] <u>Davenport</u> involved a criminal restitution debt, which was, at the time the case was decided, among the types of § 523(a) debts included in the Chapter 13 discharge. Congress later amended § 1328 to exclude such debts from the superdischarge. Criminal Victims Protection Act of 1990, Pub. L. 101-581, § 3, 104 Stat. 2865.

4

Chapter 11 offers a third distinct approach to discharge by setting forth separate rules for corporations and individuals.  First, § 1141 provides that plan confirmation generally serves to discharge prepetition debt.  11 U.S.C. § 1141(d)(1)(A).  It then modifies that rule, specifying that no discharge is available to a debtor with a liquidation plan that ceases to do business and is ineligible for a Chapter 7 discharge–in other words, corporations going out of business rather than reorganizing.  As to individuals, discharge is not effective at confirmation, but after plan payments are completed, with some exceptions.  Id. § 1141(d)(5).  With respect to exceptions to discharge, an individual debtor is not discharged of "any debt excepted from discharge under section 523[.]"  Id. § 1141(d)(2).  Corporations, on the other hand, are not discharged from any debt "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a)[.]"  Id. § 1141(d)(6)(A) (emphasis added).  Thus, in Chapter 11, Congress has applied parts of § 523(a) to corporate debtors, even though such debtors are excluded from § 523(a) by its terms.   As with Chapter 13, Congress is using the definition of discharge to alter the applicability of § 523.

The same is true of a Chapter 12 discharge.  Under § 1228, if the debtor makes all plan payments, "the court shall grant the debtor a discharge of all debts provided for by the plan ... except any debt ... of the kind specified in section 523(a)[.]" 11 U.S.C. § 1228(a) (emphasis added).  Similarly, in certain circumstances, if the debtor fails to make all plan payments, it may receive a discharge excluding  "any debt ... of a kind specified in section 523(a)." Id. § 1228(b), 1228(c)(2). Unlike § 1141(d), nothing in the language of § 1228 provides a broader Chapter 12 discharge for certain corporations than for individuals.  See New Venture P'ship v. JRB Consol., Inc. (In re JRB Consol., Inc.), 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995).  Thus, the exclusion of § 523(a) type debts applies equally to corporations and to individuals.

5

This reading of the relevant statutes adheres to the tenet that "[p]rovisions within a statute are read to be consistent whenever possible.  If the two provisions may not be harmonized, then the more specific will control over the general."  Universal Am. Mortg. Co. v. Bateman (In re Bateman), 331 F.3d 821, 825 (11th Cir. 2003) (citations omitted).  In this case, § 1228 and § 523(a) can be in harmony.  Although § 523(a) applies only to individuals, Congress has used it as shorthand to define the scope of a Chapter 12 discharge for corporations as well as individuals.  Thus it is appropriate to rely on § 523(a) to determine whether a debt is included in the discharge, even when the debtor is a corporation.  Even if the two provisions could not be harmonized, § 1228 would control because it is more specific, applicable only in Chapter 12, than § 523(a), which applies regardless of chapter.

Because the Chapter 12 discharge does not include debts of the kind specified in § 523(a), regardless of whether the debtor is an individual or a corporation, Plaintiff in this case is entitled to relief under § 523(a) if it can prove its claim.  Therefore, the Court will deny the motion to dismiss for failure to state a claim.  Defendant will have 15 days from entry of the order accompanying this opinion to file an answer.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT